# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:2006-15 |
| ) | JUDGE KIM R. GIBSON |
| DANIEL LEE SWARTZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

**GIBSON, J.**

### I. SYNOPSIS

This matter comes before the Court on Defendant Daniel Lee Swartz's Motion to Withdraw Guilty Plea (Doc. No. 91). In its Response to Defendant's Motion (Doc. No. 93), the United States has indicated that it has no objection. For the reasons that follow, Defendant's Motion is **DENIED**.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2006, Defendant was indicted on three counts for his alleged role in an October 2005 pipe bomb attack on a residence located at 403 Newry Street, Hollidaysburg, Pennsylvania. On November 15, 2006, Defendant appeared before this Court and pled guilty to Count Two of the Indictment, which charges that he

> ... knowingly did use and carry a firearm, that is, a destructive device commonly known as a "pipe bomb", during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, maliciously damaging by means of fire or explosion a building used in interstate commerce... and did knowingly and unlawfully possess said firearm in furtherance of said crime of violence.

Doc. No. 1 at 2. During the Defendant's change of plea hearing, and in a plea agreement previously signed by him on October 5, 2006, he acknowledged responsibility for conduct charged in Counts One and Three of the Indictment, and further agreed that the penalty that

could be imposed upon him for Count Two included a term of imprisonment of not less than thirty years and not more than life. On January 9, 2007, the United States Probation Office filed its Presentence Investigation Report (PIR), which enumerated the same sentencing range previously set forth in the plea agreement and during the change of plea hearing. On January 29, 2007, Defendant filed his Position Regarding Presentence Investigation Report (Doc. No. 54), indicating that he had "no additions, objections, or corrections to the PIR." Doc. No. 54 at 1. Since that time, and prior to Defendant's filing of the instant Motion, he made no objections to his sentencing range.

Due to ongoing proceedings against Defendant's alleged accomplices in the pipe bomb attack, and in order to provide Defendant with an opportunity to cooperate with the Government against his co-defendants, sentencing has not yet taken place in this case. Consequently, Defendant had been incarcerated for an unusually long period of time – until April 15, 2011 – at which point he was released pending sentencing. Doc. No. 71. Subsequent to Defendant's release, his sentencing has been continued four times, with the most recent date set for November 10, 2011.

On November 7, 2011 – three days before his scheduled sentencing – Defendant filed the instant Motion. In it, he asks this Court to permit him to withdraw his previous guilty plea to Count Two of the Indictment, so that he might enter a plea to Count Three of the same Indictment, which would provide him with a lower sentencing range. To support his Motion, Defendant argues that 1) the plea agreement did not contemplate the extensive cooperation provided by Defendant; 2) sentencing him consistently with the terms of the plea agreement "would be manifestly unjust and would result in substantial [dis]parity of sentencing" between him and his co-defendants; and 3) he did not have a previous opportunity to file his Motion

2

"[d]ue to the complex nature of the issues regarding this matter..."[1] Doc. No. 91 at 2. On November 8, this Court postponed Defendant's sentencing hearing so that it might hear oral argument on this matter. On November 10, the Government filed its Response. (Doc. No. 93). That same day, this Court heard oral arguments by both sides regarding Defendant's Motion.

### III. STANDARD OF REVIEW

Under the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea after its acceptance by the Court, but before sentencing, if he "can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2). Once a defendant's plea has been accepted by the Court, "the defendant is not entitled to withdraw that plea simply at his whim." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir.2003) (citing *United States v. Brown*, 250 F.3d 811, 815 (3d Cir.2001). Accordingly, the Third Circuit has indicated that defendants making such a request bear a "substantial burden" in demonstrating a fair and just reason pursuant to Rule 11(d)(2). *United States v. King*, 604 F.3d 125, 139 (3d Cir.2010) (citing *Jones*, 336 F.3d at 252). In determining whether such reasons exist, district courts consider whether 1) the defendant asserts his innocence; 2) the defendant proffered strong reasons justifying the withdrawal; and 3) the government would be prejudiced by the withdrawal. *King*, 604 F.3d at 139. Regarding what reasons might be considered fair and just, the Third Circuit has noted on several occasions that "[a] shift in defense tactics, a change of mind, or the fear of punishment" are not adequate reasons to allow a defendant to withdraw his guilty plea. *Id.* (quoting *Brown*, 250 F.3d at 815).

---

[1] Paragraph 7 of Defendant's Motion reads in full: "Defendant further avers that sentencing Defendant consistently with the terms of the original plea agreement would be manifestly unjust and would result in a substantial *parity* of sentencing between Defendant and the co-defendants that he was prepared to testify against." (emphasis added) The Court presumes above that Defendant is referring to disparity of sentences, and not parity. As read, the original paragraph provides no support for, and indeed undermines, Defendant's argument.

3

## IV. DISCUSSION

In evaluating Defendant's Motion, two of the three factors set forth by the Third Circuit may be addressed succinctly. Regarding the first factor – whether there is an assertion of innocence – no such representation has been made in Defendant's motion, nor did counsel for Defendant make any similar assertion during oral argument. The Court further notes that Defendant openly acknowledged his guilt for Count Two in open court during his change of plea hearing on November 15, 2006. Further, the Government acknowledges in its Response that Defendant "has made no assertion of innocence." Doc. No. 93 at 3. Accordingly, the first factor weighs against granting Defendant's Motion. Regarding the third factor – whether the government would be prejudiced by withdrawal of the plea – the government has conceded that it will suffer no prejudice if the Court grants the Motion. *Id.* at 5-6. Once again, the Defendant has made no specific argument concerning this factor in his Motion, although defense counsel asserted at oral argument that potential prejudice to the government was the most important factor for the Court to consider. Because both sides agree that no prejudice exists, the third factor weighs in favor of granting Defendant's Motion.

What remains is whether Defendant has fulfilled the second factor by proffering "strong reasons" justifying the withdrawal of his guilty plea. As already noted, Defendant offers two possible reasons in his Motion, namely 1) the plea agreement did not contemplate the extensive cooperation provided by Defendant; and 2) sentencing him consistently with the terms of the plea agreement "would be manifestly unjust and would result in substantial [dis]parity of sentencing" between him and his co-defendants. At oral argument, defense counsel further explained Defendant's position that sentencing him within the original range of thirty years to life would be "fundamentally unfair," because 1) he was no more involved than his co-

defendants in the bombing incident and 2) one co-defendant has been sentenced to only 18 months for his participation in the pipe bombing incident, and another faces a sentencing range of only 24-30 months. Defense counsel also alluded to circumstances surrounding the guilty plea itself – presumably, advice given to Defendant by his former counsel.

For its part, the Government has agreed with many of Defendant's justifications for withdrawing his guilty plea, most notably the discrepancy in Defendant's sentencing range and the sentencing ranges of his co-defendants. Doc. No. 93 at 5. In supporting Defendant's Motion, the Government largely relies on a theory of mistaken belief, explained by the Third Circuit in *United States v. Crusco*, by which a defendant may withdraw his guilty plea "where the record shows that circumstances as they existed at the time of the guilty plea, judged by objective standards, reasonably justified his mistaken impression." *United States v. Crusco*, 536 F.2d 21, 24 (3d Cir.1976). The Government argues that because Defendant pled guilty prior to his co-defendants and cooperated with the government against them, he reasonably believed at the time of his plea that he would be given a sentence similar to theirs. Doc. No. 93 at 4-5. At oral argument, the Government further explained that because of subsequent developments in the case, the circumstances anticipated by Defendant when he pled guilty never fully manifested. Accordingly, he was mistaken about the ramifications of his plea in the larger context of the two cases against his co-defendants.

While the Court acknowledges that the potential for sentencing disparity in this case is troubling and highly unusual, it cannot agree with the arguments presented by Defendant or the Government. First, the extent of Defendant's cooperation with the Government after his guilty plea has no bearing on whether he should later be permitted to withdraw his plea. By this rationale, countless defendants would be permitted to withdraw guilty pleas when their later

5

cooperation extended beyond what was originally anticipated. This cuts against the well-established principle that a guilty plea is a "grave and solemn act". *Brady v. United States*, 397 U.S. 742, 748 (1970). If guilty pleas could be so easily withdrawn by defendants, they "would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim." *Id.* Second, while defense counsel alludes to some deficiency in advice offered to Defendant by previous counsel regarding the guilty plea, there is no demonstrative evidence in the record to that effect.

This leaves us with Defendant's and the Government's argument concerning sentencing discrepancy and Defendant's purported mistaken belief. The Court first notes that *Crusco*, the case cited by the Government, does not apply directly to the facts here. There, a defendant was permitted to withdraw his guilty plea when the trial court inadvertently failed to inform him that he faced a maximum of seven, and not four years of incarceration. In that case, the Third Circuit found evidence in record to suggest that the defendant may reasonably have understood that the promised maximum sentence of seven years encompassed *both* incarceration and a three-year special parole term, rather than seven years of incarceration *and* an additional parole term. *Crusco*, 536 F.2d at 24-5. Here, there is absolutely no suggestion in the record as to Defendant's understanding concerning his *individual* sentence when he pled guilty on November 15, 2006; as already noted, he acknowledged his understanding thereof both in open court and in his plea agreement. And neither the Government nor defense counsel has argued that there was any defect in the change of plea proceedings, as there was in *Crusco*. Nor is there any precedent to suggest that a misunderstanding of *other co-defendant's sentences* constitutes mistaken belief under the *Crusco* standard. Indeed, other courts in this Circuit have found to the contrary. See *United States v. Fulton*, No. 07-38-04, 2011 WL 1838716 (E.D.Pa. May 16, 2011) (holding that

potential disparity of sentencing between Defendant and similarly situated co-defendants is insufficient reason under Rule 11(d)(2) to allow for the withdrawal of a guilty plea).

The Court is not insensitive to both parties' general arguments against disparity of sentencing. However, it notes that such concerns – as well as the merits of Defendant's cooperation with the Government – are properly addressed through variances and/or departures to sentencing pursuant to Section 5K1.1 of the United States Sentencing Guidelines and Title 18, Section 3553(e) of the United States Code. The Court is certainly willing to consider such arguments when the time for sentencing comes. What it cannot do is correct this disparity by extraordinary means. The amount of delay in this case, as well as Defendant's lengthy incarceration and discrepancy in sentencing range in comparison to his co-defendants, are unfortunate. However, it would be even more unfortunate to set a terrible precedent that serves only to undermine the sanctity of guilty pleas in the federal system.

## V. CONCLUSION

Pursuant to Federal Rule of Criminal Procedure 11(d)(2), we find that the Defendant has not presented a "fair and just reason" to withdraw his guilty plea. Accordingly, Defendant's Motion is **DENIED**. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 3:2006-15 |
| | ) | JUDGE KIM R. GIBSON |
| DANIEL LEE SWARTZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 21st day of November 2011, **IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw Guilty Plea (Doc. No. 91) is **DENIED**.

**BY THE COURT**:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

cc: All counsel of record